UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| HARRY TU, )  ) | 2:06-cv-0038-GEB-PAN |
| Plaintiff, ) ) | ORDER TO SHOW CAUSE |
| v. ) ) | AND CONTINUING STATUS (PRETRIAL SCHEDULING) |
| SUNETEK, INC., and MICHAEL ) HAO a/k/a KUN HAO, ) | CONFERENCE |
| ) |  |
| Defendants. ) ) |  |

The January 9, 2006, Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case for March 20, 2006, and required the parties to file a joint status report no later than fourteen days prior to the scheduling conference. The Order further required that a status report be filed regardless of whether a joint report could be procured.[1] Plaintiff filed an

---

[1] As the Order states:

> The failure of one or more of the parties to participate in the preparation of the Joint Status Report does not excuse the other parties from their obligation to timely file a status report in accordance with this Order. In the event a party fails to

(continued...)

1

untimely status report on March 7, 2006.

Plaintiff's counsel is Ordered to Show Cause (OSC) no later than 4:00 p.m. on April 3, 2006, why sanctions should not be imposed under Rule 16(f) of the Federal Rules of Civil Procedure against counsel and/or Plaintiff for the failure to file a timely status report, as ordered. The written response shall state whether Plaintiff or counsel is at fault and whether a hearing is requested on the OSC.[2] If a hearing is requested, it will be held on April 17, 2006, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date. In accordance with the requirements set forth in the January 9, 2006, Order, the parties are to file a joint status report no later than April 3, 2006. If Defendants have not been served with a copy of the Order Setting Status (Pretrial Scheduling) Conference, they must obtain a copy of it.

IT IS SO ORDERED.

Dated: March 10, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

---

[1](...continued)
participate as ordered, the party timely submitting the status report shall include a declaration explaining why it was unable to obtain the cooperation of the other party or parties.

Order filed January 9, 2006, at 2 n. 1.

[2] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).