IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARRY TU,

        Plaintiff,                        No. CIV S-06-0038 GEB EFB

    vs.

SUNETEK, INC., et al.,

        Defendants.                FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff's motion for entry of default judgment against defendants Sunetek, Inc. and Michael Hao (a/k/a Kun Hao), filed September 1, 2006, came on for hearing before this court on September 13, 2006. W. Scott Cameron appeared on behalf of plaintiff. Defendants failed to make an appearance. Upon review of the motion and the supporting documents, and having heard plaintiff's argument on the matter, the court issues the following findings and recommendations.

I. BACKGROUND

        This case concern defendants' alleged infringement of plaintiff Tu's copyrighted software program, "Aldelo for Restaurants," and other protected work appearing on the program's screen displays. "Aldelo for Restaurants" is a point-of-sale software program marketed to restaurants and bars by plaintiff. Plaintiff owns federally registered copyrights for

1

both the software program and the artwork and compilation of terms appearing on the screen displays.

On January 6, 2006, plaintiff filed a complaint alleging copyright infringement and seeking an injunction against defendants. Plaintiff alleges that defendants Sunetek, Inc. ("Sunetek") and Michael Hao, a/k/a Kun Hao, ("Hao") sell and distribute "Sunetek POS," another point-of-sale software program designed for restaurants, which unlawfully incorporates protected, original expression directly from the "Aldelo for Restaurants" copyrights. Defendants have failed to answer the complaint or otherwise appear in this action.

On December 15, 2005, prior to filing the complaint, plaintiff's counsel, Brian D. Fagel ("Fagel"), sent defendants a letter demanding, among other things, that defendants "cease and desist from marketing and distributing the 'Sunetek POS' software . . . ." Declaration of Brian D. Fagel in Support of Application for Default Judgment ("Fagel Decl."), Exhibit A. That letter was addressed to defendant Sunetek at the following address: 144-67 Barclay Avenue, Third Floor, Flushing, New York, 11355. Id. At the hearing on September 13, 2006, plaintiff's counsel, W. Scott Cameron, stated that Hao acknowledged receipt of the letter. Furthermore, after receipt of the letter, Hao participated in a series of telephone calls with Fagel regarding the alleged infringement. Fagel Decl. at 2:9-25.

On February 1, 2006, defendant was served with a copy of the summons and complaint. On March 27, 2006, plaintiff filed the proof of service, which includes the process server's "affidavit of service" and "affidavit of reasonable diligence." *See* "Proof of Service Re: Summons." According the process server's sworn statements, he went to 144-67 Barclay Avenue in Flushing, New York on January 28, 2006, and "checked the name listing for individuals who live at [that] complex." Id. Although Hao was not on the list, the process server saw mail for the third floor apartment sticking out of the mailbox, which was addressed to Hao. Id. He also saw a Fed-Ex package addressed to Hao. Id. The process server also notes in his affidavit that this address was the same listed by the New York Department of State for service

of process on Sunetek. Id.  The process server, satisfied that the address was correct, completed service of the complaint and summons. Id.  To summarize, the address where service was made was the same used by Fagel to initiate communications regarding the infringement; the address is listed by the New York Department of State for service of process on Sunetek; and, the process server declared in his sworn statement that he saw mail and a Fed-Ex package addressed to Hao bearing the same address.  Based on the foregoing, the court finds that defendants have actual notice of the summons and complaint and have failed to appear and defend the action.

Due to defendants' failure to appear, plaintiff seeks entry of default judgment and a permanent injunction against defendants Sunetek and Hao.  Specifically, plaintiff asks the court to enjoin defendants (and their agents, employees, representatives, and all persons acting in concert or participating with them) from copying, displaying, distributing, and creating derivative works based on any protected material from "Aldelo for Restaurants."  Plaintiff also seeks an order directing defendants to turn over to plaintiff or destroy all copies of the allegedly infringing Sunetek POS (including masters, tapes, film, negatives, discs, disc drives, digital media, or other articles by which copies of Sunetek can be reproduced).  Finally, plaintiff requests an award of costs and reasonable attorney's fees.

II. DISCUSSION

    A.    Standard

Pursuant to Federal Rule of Civil Procedure 55 (a), the court clerk is required to enter default when the fact of default is established by affidavit or otherwise.  Fed. R. Civ. P. 55(a). In this case, default was established by plaintiff and entered by the clerk on April 7, 2006. Now before the court is plaintiff's application for entry of default judgment against defendants pursuant to Fed. R. Civ. P. 55(b)(2).  It is within the sound discretion of the district court to grant or deny a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  In making this determination, the court considers the following factors:

////

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

### B. Analysis

The first *Eitel* factor weighs in plaintiff's favor. Plaintiff would be prejudiced if default judgment were not granted because he would be denied the right to judicial resolution of the claims presented, and would be without other recourse for protection of his intellectual property rights.

The second and third factors also weigh in plaintiff's favor. As a general rule, once default is entered the factual allegations of the complaint are taken as true, except for those allegations relating to the damages. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted). Here, the facts as plead by plaintiff establish a prima facie case for copyright infringement. To prevail on a claim for copyright infringement, plaintiff must establish ownership of a valid copyright and unauthorized copying of original elements of the work by the defendant. *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Plaintiff has alleged ownership of valid copyright registrations in the "Aldelo for Restaurants" software and for the artwork and compilation of terms appearing on the program's screen displays. Compl. at ¶ 7; Declaration of Harry Tu in Support of Application for Default Judgment ("Tu Decl."), at ¶ 3. Plaintiff has also alleged unauthorized copying of original elements of those protected works. Compl. at ¶ 8-17. The complaint is sufficiently plead and states a viable claim for copyright infringement. Thus, the second and third *Eitel* factors weigh in favor of granting the default judgment.

The fourth *Eitel* factor, the sum of money at stake, appears also to weigh in plaintiff's favor. Although plaintiff has not submitted any briefing on the actual amount of money at stake, he undoubtedly stands to lose money if defendant continues to divert business

4

from plaintiff with the infringing product(s).

With regard to the fifth factor, no genuine issue of material fact exists because the allegations in the complaint are taken as true, *TeleVideo Systems*, 826 F.2d at 917-18, and defendant has submitted nothing to contradict them.

The sixth factor also weighs in plaintiff's favor since defendants have failed to make any appearance in this case despite receiving notice of the complaint and summons, in addition to notice of the application for entry of default judgment. Such failure cannot be deemed "excusable neglect."

Finally, only the seventh *Eitel* factor weighs against granting the motion for default judgment. The strong policy underlying the Federal Rules of Civil Procedure favor decisions on the merits. *Eitel*, 782 F.2d at 1472. Nonetheless, where a defendant fails to answer the complaint, a decision on the merits is "impractical, if not impossible." *Elektra Ent. Group, Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) (citations omitted). Thus, given defendants' failure to appear or respond to plaintiff in any way, this factor does not preclude an entry of default judgment. *Id.* at 393.

C. Remedies

Plaintiff seeks a permanent injunction and an award of costs and reasonable attorney's fees.

1. Injunction

Plaintiff seeks an order enjoining defendants (and their agents, employees, representatives, and all persons acting in concert or participating with them) from copying, displaying, distributing, and creating derivative works based on any protected material from "Aldelo for Restaurants." Plaintiff also requests that the order direct defendants to turn over to plaintiff or destroy all copies of the allegedly infringing Sunetek POS (including masters, tapes, film, negatives, discs, disc drives, digital media, or other articles by which copies of Sunetek can be reproduced).

5

Federal copyright laws authorize injunctive relief for copyright infringement. *Elektra Ent. Group, Inc.*, 226 F.R.D. at 393 (citing 17 U.S.C. § 501, 502(a)).  Here, plaintiff has plead a prima facie case for copyright infringement.  Prior to filing his complaint, plaintiff contacted defendants through counsel demanding defendant cease and desist his infringing activities.  Fagel Decl., at ¶4.  Although defendants disabled an infringing website, they refused to sign an agreement to destroy and cease selling all copies of the infringing goods.  Fagel Decl. at ¶5.  Defendant Hao also refused to provide plaintiff with a copy of his source code for the allegedly infringing Sunetek POS.  Fagel Decl. at ¶6.  In addition, defendants have failed to respond to the complaint and to this motion for entry of default judgment.  Accordingly, this court finds that injunctive relief as requested is appropriate.

        2. <u>Reasonable Attorney's Fees and Costs</u>

Pursuant to 17 U.S.C. § 505, courts have discretion to award "the recovery of full costs and reasonable attorney fees" in cases of copyright infringement.  17 U.S.C. § 505. Pursuant to Local Rules 54-292 and 54-293, however, motions for costs and fees are to be filed within 10 days and 30 days, respectively, of the entry of final judgment.  Accordingly, the issue of fees and costs is not presently before the court.

III. <u>CONCLUSION</u>

In light of the foregoing findings this court hereby RECOMMENDS that plaintiff's application for entry of default judgment be granted.  The court further RECOMMENDS that a permanent injunction be granted against defendants as specified herein.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The parties are

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED:   September 25, 2006.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE